UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KANE INTERNATIONAL CORPORATION, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:17-CV-1625-RLW |
|  | ) |  |
| US POLYMERS-ACCUREZ LLC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## MEMORANDUM AND ORDER

The Court, after reviewing Plaintiff Kane International Corporation's Motion for Temporary Restraining Order ("Motion"; ECF No. 5), and having heard the arguments of counsel, hereby finds and orders:

1. Plaintiff's Motion for Temporary Restraining Order (ECF No. 5) is **DENIED**.

2. Under Eighth Circuit law, "[i]n a case involving the Federal Arbitration Act (FAA), courts should not grant injunctive relief unless there is 'qualifying contractual language' which permits it." *Manion v. Nagin*, 255 F.3d 535, 538–39 (8th Cir. 2001) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey*, 726 F.2d 1286, 1292 (8th Cir. 1984)).[1] "This approach is consistent with the plain meaning of the FAA and the 'unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts.'" *Manion*, 255 F.3d at 538–39 (quoting *Hovey*, 726 F.2d at 1292).

---

[1] During oral arguments, the parties did not dispute that the FAA applies to the arbitration provision.

1

3.  Qualifying contractual language is "language which provides the court with clear grounds to grant relief without addressing the merits of the underlying arbitrable dispute." *Manion*, 255 F.3d at 539 (quoting *Peabody Coalsales Co. v. Tampa Elec. Co.*, 36 F.3d 46, 48, n.3 (8th Cir. 1994). Here, the arbitration provision states, "If Kane and USPA should have a major disagreement that we can not work out among ourselves we both agree to settle said disagreement in Arbitration, according to the law of the State of New York." (ECF No. 5-1 at 2). The Court holds that this is not "qualifying language" as defined by the Eighth Circuit.

4.  The Court holds that it lacks jurisdiction to hear Plaintiff's request for injunctive relief, which should be brought pursuant to the arbitration agreement. Under Eighth Circuit precedent, this Court cannot enter injunctive relief where the Arbitration Act is applicable and there is no qualifying language. *See Manion*, 255 F.3d at 538; *Hovey*, 726 F.2d at 1292 ("where the Arbitration Act is applicable and no qualifying contractual language has been alleged, the district court errs in granting injunctive relief").

5.  Thus, the Court denies Plaintiff's Motion for Temporary Restraining Order.

Dated this 7th day of June, 2017.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**