UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KANE INTERNATIONAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17CV1625RLW |
| | ) | |
| US POLYMERS-ACCUREZ LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Arbitration or, in the Alternative, to Retain Jurisdiction over All Claims and Reconsider Motion for Temporary Restraining Order ("Motion to Compel"; ECF No. 20).

On June 7, 2017, this Court held a hearing on Plaintiff Kane International Corporation's ("Kane") Motion for Temporary Restraining Order (ECF No. 5). Defendant US Polymers-Accurez LLC's ("USPA") opposed the Motion for Temporary Restraining Order and indicated to the Court that it would participate swiftly and fully in an arbitration. Thereafter, the Court denied the Motion for Temporary Restraining Order, holding that it lacked jurisdiction over Kane's request for injunctive relief because its claims were subject to arbitration. (ECF No. 16).

In the Motion to Compel, Kane notes that, contrary to USPA's position at the hearing on the Temporary Restraining Order, USPA is now taking the position with the American Arbitration Association ("AAA") that USPA does not consent to arbitrate before the AAA. USPA claims that the AAA lacks jurisdiction over the USPA and the parties' dispute. Kane asks for the Court (1) to issue an order compelling USPA to submit to the jurisdiction of the AAA for arbitration of

1

the parties' disputes, or (2) to find that the USPA has waived its right to arbitration and retain jurisdiction over the entire dispute between the parties in this Court and grant Kane's Motion for Temporary Restraining Order. (ECF No. 20 at 4-5).

USPA filed a Response to Plaintiff's Motion to Compel Arbitration. (ECF No. 27). USPA argues that the Motion to Compel should be denied because (1) the Complaint does not state a cause of action, preventing the Court from determining whether any dispute exists and whether such dispute falls within the scope of the arbitration provision; (2) if the Court is able to determine what Kane alleges USPA did wrong, the conduct is not prohibited by the Supply Agreement, such that no dispute exists to arbitrate; and (3) if the Court believes a dispute exists, the arbitration provision is unenforceable because (a) the arbitration provision did not survive the Supply Agreement and (b) the arbitration provision is vague and ambiguous.

The Court grants the Motion to Compel Arbitration. The Supply Agreement (ECF No. 29-1) provides, "Kane and USPA agree … not to compete with each other for a period of three (3) years after the termination of this agreement as agreed to in the current mutual NDA dated November 19, 1997." The Supply Agreement further states, "If Kane and USPA should have a major disagreement that we can not [sic] work out among ourselves, we both agree to settle said disagreement in Arbitration, according to the laws of the State of New York." (ECF No. 29-1). The Court holds that the dispute regarding the noncompetition agreement constitutes a "major disagreement" between the parties that invokes the arbitration provision. (ECF No. 29-1). "A dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement." *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001) (quoting *Telectronics Pacing Systems, Inc. v. Guidant Corp.*, 143 F.3d 428, 433 (8th Cir. 1998)). USPA previously submitted to the Court that Kane's Temporary

2

Restraining Order was not subject to review because the parties' agreement contains a valid arbitration provision. USPA cannot now argue that it is not subject to the arbitration provision and that Kane has no remedy. The Court further holds that the pleading deficiencies in the original Complaint have been corrected by the First Amended Complaint.

Although the parties disagree regarding the scope of the arbitration provision and their dispute, that disagreement is for the arbitrator to resolve. "The FAA establishes that 'as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Lyster*, 239 F.3d at 945 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983).

Finally, any ambiguity regarding the appropriate forum for the arbitration can be resolved by the Court. 9 U.S.C. §5 provides that if the agreement does not designate method of naming or appointing the arbitrator, "then upon application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named there; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator." Therefore, the Court designates AAA as the appropriate body for the arbitration between the parties.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Arbitration or, in the Alternative, to Retain Jurisdiction over All Claims and Reconsider Motion for Temporary Restraining Order (ECF No. 20) is **GRANTED** in part, and the Court compels the parties to

participate in arbitration per their agreement. *See* ECF No. 29-1. The Court will not reconsider the Motion for Temporary Restraining Order. The Court hereby designates the American Arbitration Association as the arbitration forum for the parties' dispute.

Dated this 21st day of June, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE